UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. **2:22-cv-00102-TSZ-JRC**<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 25, 2022 |

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed motion for leave to proceed *in forma pauperis* ("IFP") and a "petition for writ of certiorari" that the Clerk docketed as a proposed complaint under 42 U.S.C. § 1983. Dkt. 1; Dkt. 1-1.

Plaintiff's purported complaint challenges the validity of his conviction and thus must be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Because he is under a pre-filing bar order, plaintiff must pay the filing fee before filing a § 2254 petition. However, plaintiff did not pay the filing fee. So the petition should be dismissed as improperly filed and plaintiff's IFP motion should be denied as moot.

REPORT AND RECOMMENDATION - 1

1    Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).

Here, plaintiff's purported complaint attacks the validity of his state conviction. So the Court properly construes it as a § 2254 petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted). But plaintiff did not accompany his § 2254 petition with the filing fee. Therefore, he improperly filed it.

There is no basis for an evidentiary hearing because, as explained above, the record "precludes habeas relief." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). A certificate of appealability should be denied because reasonable jurists would not debate that the Court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). There is no basis for granting IFP on appeal because any appeal of this matter would be frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

Accordingly, it is **RECOMMENDED** that:

(1)    Plaintiff's proposed § 2254 petition (Dkt. 1-1) be **dismissed without prejudice**.

(2)    Plaintiff's IFP motion (Dkt. 1) be **denied as moot**.

(3)    A certificate of appealability be **denied**.

(4)  This case be **closed**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 25th, 2022** as noted in the caption.

Dated this 8th day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge